**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**
**CIVIL ACTION NO.  3:13-CV-382-CHL**

**KENTUCKY LABORERS DISTRICT COUNCIL,  et al.,**                                **Plaintiffs,**

**v.**

**CAPITOL DRILLING & SAWING OF KENTUCKY, INC.,**                          **Defendant.**

## Memorandum Opinion and Order

Before the Court is Defendant Capitol Drilling & Sawing of Kentucky, Inc.'s Motion for Leave to File a Counterclaim and Third Party Complaint (DN 43).  Through DN 44 (initial objection) and DN 49 (supplemental objection), Plaintiffs Kentucky Laborers District Council, Kentucky Laborers District Counsel Health and Welfare Fund, Kentucky Laborers District Council Training Fund, and Laborers National Pension Fund ("Plaintiffs") oppose this motion.  For the reasons set forth below, Defendant's motion will be granted.

### I. Background

Plaintiffs are an unincorporated labor organization and the organization's related benefit plans.  Plaintiffs and Defendants were previously signatories to several labor agreements, but those agreements were not renewed and expired on June 30, 2015.  On April 4, 2013, Plaintiffs filed their complaint, alleging breach of contract (DN 1).  Specifically, Plaintiffs alleged that Defendant had failed to pay to the benefit plans all required fringe benefits.

Discovery commenced and trial was initially scheduled to begin September 21, 2015.  Defendant asserts that while deposing a union representative on July 1, 2015, Defendant obtained information that it believes gives rise to claims for failure to negotiate in good faith under the National Labor Relations Act and improper interference with business relationships

(DN 43-1, 4-5). In order to effectuate these claims, Defendant has filed the instant Motion for Leave to File a Counterclaim. Plaintiffs assert that Defendant knew or should have known of the facts purportedly giving rise to the proposed Counterclaim prior to the aforementioned deposition. The September 2015 trial has since been remanded (DN 48) and is now scheduled for June 30, 2016 (DN 50).

## II. Discussion

Federal Rule of Civil Procedure 13 governs counterclaims. Pursuant to F.R.C.P. 13(e), "The court may permit a party to file a supplemental pleading asserting a counterclaim that matured or was acquired by the party after serving an earlier pleading." This subsection of Rule 13 applies to Defendant's counterclaim if it did not learn of the facts that allegedly give rise to its counterclaim until July 1, 2015, well after serving its answer (DN 5) to Plaintiffs' complaint. The Court is not in a position to state definitively when Defendant learned the facts that purportedly give rise to the proposed Counterclaim. Trial will not begin for over another six months. Therefore, Plaintiffs will suffer no prejudice while discovery occurs on Defendant's counterclaim during this time. This tips the balance in favor of allowing the proposed Counterclaim.

For these reasons, Defendant's Motion for Leave to File a Counterclaim is HEREBY GRANTED.

cc: Counsel of record